# UNITED STATES BANKRUPTCY COURT
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| URBANSKI, LEONARD D | § | Case No. 11-24487 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter 13 of the United States Bankruptcy Code was filed on 06/10/2011 . The case was converted to one under Chapter 7 on 08/02/2011 . The undersigned trustee was appointed on 08/10/2011 .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of         $         7,000.00

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 904.20 |
| Bank service fees | 10.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 900.00 |
| Other payments to the debtor | 0.00 |

Leaving a balance on hand of[1]         $         5,185.80

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

 5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

 6.  The deadline for filing non-governmental claims in this case was  04/09/2012  and the deadline for filing governmental claims was  04/09/2012 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

 7.  The Trustee's proposed distribution is attached as **Exhibit D**.  Trustee's Statement of Administration is atached as Exhibit E.

 8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,360.00 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

 The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 1,043.39 , for a total compensation of $ 1,043.39 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

 Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date: 08/21/2013                  By:/s/Joseph A. Baldi, Trustee
             Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

Page: 1

Exhibit A

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Case No:   11-24487   Judge: Jacquelyn P. Cox

Case Name:   URBANSKI, LEONARD D

For Period Ending: 05/15/13

Trustee Name:   Joseph A. Baldi, Trustee

Date Filed (f) or Converted (c):   08/02/11 (c)

341(a) Meeting Date:   09/08/11

Claims Bar Date:   04/09/12

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Chase Savings | 98.00 | 0.00 | | 0.00 | FA |
| 2. Chase Checking | 2,000.00 | 0.00 | | 0.00 | FA |
| 3. Furniture | 500.00 | 0.00 | | 0.00 | FA |
| 4. Clothing | 600.00 | 0.00 | | 0.00 | FA |
| 5. 1990 Honda Accord: 130000 miles | 1,500.00 | 0.00 | | 0.00 | FA |
| 6. 2006 Harley Davidson Heritage Soft Tail | 7,600.00 | 6,100.00 | | 7,000.00 | FA |
| 7. 6804 N. Oleander, Chicago | 164,500.00 | 0.00 | | 0.00 | FA |
| Property listed for sale, no offers above $400,000, moved to abandon. | | | | | |
| TOTALS (Excluding Unknown Values) | $176,798.00 | $6,100.00 | | $7,000.00 | Gross Value of Remaining Assets $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee obtained approval to retain auctioneer and sell motorcycle at auction; auction was held in April 2012; Trustee investigated Estate's interest in real property (including analyzing the pending foreclosure proceedings on the property) which was owned jointly by the Debtor and his ex-wife; Trustee obtained court approval in October 2012 to retain a realtor to market the real property for sale; after all efforts to sell the property resulted in no reasonable offers, Trustee obtained court authority to abandon the Estate's interest in the real property; Trustee reviewed and examined the claims filed in the case and resolved claim objections; Trustee analyzed Estate tax issues; Trustee prepared TFR.

Initial Projected Date of Final Report (TFR): 09/30/12    Current Projected Date of Final Report (TFR): 06/30/13

LFORM1   **UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

Ver: 17.01

Exhibit B

Page: 1

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 11-24487 -JPC
Case Name: URBANSKI, LEONARD D
Taxpayer ID No: *******1846
For Period Ending: 05/15/13

Trustee Name: Joseph A. Baldi, Trustee
Bank Name: Congressional Bank
Account Number / CD #: *******6831 Checking Account (Non-Interest Earn

Blanket Bond (per case limit): $ 5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

*Note: columns are — 1 Transaction Date, 2 Check or Reference, 3 Paid To / Received From, 4 Description Of Transaction, Uniform Trans. Code (5), Deposits ($), (6) Disbursements ($), (7) Account / CD Balance ($)*

| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
|---|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | | 0.00 |
| 04/26/12 | 6 | MARTIN ESCROW<br>Martin Auction<br>9515 Texas Church Rd<br>Clinton, IL 61727 | SALE PROCEEDS: VEHICLES | 1129-000 | 7,000.00 | | 7,000.00 |
| 05/17/12 | 001001 | MARTIN AUCTION SERVICES, LLC<br>9515 TEXAS CHURCH RD<br>CLINTON, IL 61727 | Auctioner Expenses<br>Auctioner Expenses for sale of 2006<br>Harley-Davidson Motorcycle<br>  Fees  700.00<br>  Expenses  200.00 | 3610-000<br>3620-000 | | 900.00 | 6,100.00 |
| 01/15/13 | 001002 | LEONARD URBANSKI<br>6804 N Oleander<br>Chicago, IL 60631 | Debtor's Exemption<br>payment of debtor's exemption in 2006 Harley<br>Davidson motorcycle | 8100-002 | | 900.00 | 5,200.00 |
| 02/07/13 | 001003 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | Bond Premium Payment<br>BOND # 016026455 | 2300-000 | | 4.20 | 5,195.80 |
| * 03/11/13 | | CONGRESSIONAL BANK<br>6500 Rock Spring Drive, Suite 300<br>Bethesda, MD 20817 | Monthly Bank Service Fee | 2600-003 | 10.00 | | 5,205.80 |
| 03/11/13 | | CONGRESSIONAL BANK<br>6500 Rock Spring Drive, Suite 300<br>Bethesda, MD 20817 | Monthly Bank Service Fee<br>TCMS would not allow me to enter an adjustment<br>date more than 30 days old. Therefore, I entered<br>3/11/13 as the date of adjustment. The actual date of<br>adjustment which is reflected on the bank<br>statements is 3/08/13. --JMM 4.10.13 | 2600-000 | | 10.00 | 5,195.80 |
| * 04/10/13 | | Reverses Adjustment IN on 03/11/13 | Monthly Bank Service Fee<br>Supposed to be a subtraction, not an addition.<br>--JMM 4.10.13 | 2600-003 | -10.00 | | 5,185.80 |

Page: 2

Exhibit B

Ver: 17.01

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 11-24487 -JPC |
| --- | --- |
| Case Name: | URBANSKI, LEONARD D |
| Taxpayer ID No: | *******1846 |
| For Period Ending: | 05/15/13 |

| Trustee Name: | Joseph A. Baldi, Trustee |
| --- | --- |
| Bank Name: | Congressional Bank |
| Account Number / CD #: | *******6831  Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

Account  *******6831

| | | | Balance Forward | | 0.00 | | |
| | 1 | | Deposits | | 7,000.00 | 3 Checks | 1,804.20 |
| | 0 | | Interest Postings | | 0.00 | 1 Adjustments Out | 10.00 |
| | | | | | | 0 Transfers Out | 0.00 |
| | | | Subtotal | | $ 7,000.00 | | |
| | 2 | | Adjustments In | | 0.00 | Total | $ 1,814.20 |
| | 0 | | Transfers In | | 0.00 | | |
| | | | Total | | $ 7,000.00 | | |

UST Form 101-7-TFR (5/1/2011) (Page: 5)

LFORM2T4

Page 1

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: May 15, 2013

Case Number:  11-24487
Debtor Name:  URBANSKI, LEONARD D

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3610-00 | Martin Auction | Administrative<br>Allowed per court order 5/15/12 | | $900.00 | $900.00 | $0.00 |
| 001<br>2100-00 | Joseph Baldi, Trustee | Administrative | | $1,360.00 | $0.00 | $1,360.00 |
| 001<br>3110-00 | Baldi Berg & Wallace, Ltd. | Administrative | | $5,399.38 | $0.00 | $5,399.38 |
| | Subtotal for Priority 001 | | | $7,659.38 | $900.00 | $6,759.38 |
| 000001A<br>050<br>4110-00 | Wells Fargo Bank, NA<br>1 Home Campus X-2302-04C<br>Des Moines, IA 50328-0001 | Secured<br>Claim withdrawn  as part of order modifying stay 11/2/11<br>(1-1) Modified on 7/1/11 to update address and amount claimed | | $0.00 | $0.00 | $0.00 |
| 000002A<br>050<br>4110-00 | JP MORGAN CHASE BANK NA<br>H.E. BANKRUPTCY DEPARTMENT<br>2901 KINWEST PARKWAY<br>IRVING TEXAS 75063 | Secured<br>Claim disallowed per order 4/17/13 | | $0.00 | $0.00 | $0.00 |
| | Subtotal for Priority 050 | | | $0.00 | $0.00 | $0.00 |
| 000004A<br>051<br>5100-00 | June Marie Ackley fka June M.<br>Urbanski<br>Deborah Kanner Ebner<br>11 E Adams Street Suite 904<br>Chicago, IL 60603 | Priority<br>(4-1) Modified to correct creditor address on 10/12/2011 (CT)<br>--estimate for domestic support obligations | | $26,800.00 | $0.00 | $26,800.00 |
| | Subtotal for Priority 051 | | | $26,800.00 | $0.00 | $26,800.00 |
| 000003A<br>070<br>7100-00 | Great Lakes Educational Loan Services<br>Claims Filing Unit<br>PO Box 8973<br>Madison, WI 53708-8973 | Unsecured<br>(3-1) student loans | | $19,459.86 | $0.00 | $19,459.86 |
| | Subtotal for Priority 070 | | | $19,459.86 | $0.00 | $19,459.86 |
| 999<br>8100-00 | Leonard Urbanski | Unsecured | | $900.00 | $900.00 | $0.00 |
| | Subtotal for Priority 999 | | | $900.00 | $900.00 | $0.00 |
| | Case Totals: | | | $54,819.24 | $1,800.00 | $53,019.24 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-24487
Case Name: URBANSKI, LEONARD D
Trustee Name: Joseph A. Baldi, Trustee

Balance on hand                                  $           5,185.80

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000001A | Wells Fargo Bank, NA | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000002A | JP MORGAN CHASE BANK NA | $ 99,912.31 | $ 0.00 | $ 0.00 | $ 0.00 |

Total to be paid to secured creditors          $           0.00

Remaining Balance                               $           5,185.80

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ 1,360.00 | $ 0.00 | $ 1,043.39 |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ 5,378.50 | $ 0.00 | $ 4,126.39 |
| Attorney for Trustee Expenses: Baldi Berg & Wallace, Ltd. | $ 20.88 | $ 0.00 | $ 16.02 |
| Auctioneer Fees: Martin Auction | $ 700.00 | $ 700.00 | $ 0.00 |
| Auctioneer Expenses: Martin Auction | $ 200.00 | $ 200.00 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses     $           5,185.80

Remaining Balance                               $           0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 26,800.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000004A | June Marie Ackley fka June M. Urbanski | $ 26,800.00 | $ 0.00 | $ 0.00 |

Total to be paid to priority creditors                    $_____ 0.00

Remaining Balance                    $_____ 0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 19,459.86  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000003A | Great Lakes Educational Loan Services | $ 19,459.86 | $ 0.00 | $ 0.00 |

Total to be paid to timely general unsecured creditors                    $_____ 0.00

Remaining Balance                    $_____ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

**Trustee's Final Report**                                    **Leonard Urbanski, Debtor**
                                                             **Case No. 11-24487**

**Trustee's Statement on Estate Administration**

**Exhibit E**

**Trustee's Final Report**                                        **Leonard Urbanski, Debtor**
                                                                  **Case No. 11-24487**

## Trustee's Statement Regarding Estate Administration

Debtor commenced this case under chapter 13 of the Code on June 10, 2011. Debtor was unable to confirm a plan and on August 2, 2011 the case was converted to chapter 7.

On September 8, 2011, Trustee conducted the meeting of creditors and Trustee examined the Debtor regarding his assets and their value.  Based on the Debtor's testimony and information provided in support of that testimony, Trustee determined that the only asset to be administered was the Debtor's 2006 Harley Davidson motorcycle ("Harley").  The Harley had resale value and it was not subject to any liens or encumbrances.  Trustee continued the meeting to October 13 and November 10, 2011 to obtain additional information regarding the value of the Harley.

Trustee reviewed the schedules, Debtor's testimony and other information supplied by Debtor and determined that the real estate located at 6804 N. Oleander, Chicago, IL ("Real Estate") in which Debtor held an interest did not have value sufficient to provide a return to unsecured creditors.  Debtor valued the Real Estate at approximately $329,000 and liens against it totaled $359,223.  Based on the information available to the Trustee, the Trustee did not attempt to administer the Real Estate. Shortly after the initial meeting of creditors, the creditor holding the first mortgage against the Real Estate, Wells Fargo Bank, filed their motion to lift stay.  Trustee did not oppose the motion and an order lifting the stay to permit Wells Fargo to continue a foreclosure against the Real Estate was entered on November 2, 2011.

Trustee pursued the sale of the Harley, first by negotiating with Debtor to sell it back to him and when those discussions ended Trustee sold the Harley at an auction sale.  The sale took place on April 5, 2012 and Trustee realized net proceeds after costs of sale of $6,100.00.  Trustee paid Debtor his claimed exemption of $900 and retained $5,200 for payment of administrative expenses and distribution to creditors.

During the administration of the case, Trustee was contacted by Ms. June Ackley's attorney regarding the potential for sale of the Real Estate in which she was a co-owner.  In June of 2012 Ms. Ackley provided Trustee with an appraisal indicating that Real Estate had a resale value of $475,000.  Trustee conducted a further investigation into the value of the Real Estate, the status of the secured claims against the Real Estate and the status of the pending foreclosure against the Real Estate.  Trustee prepared an analysis of the claims and costs of sale and determined that the Estate would have to realize over $450,000 in order to realize any equity in the property for creditors.  Trustee also engaged a real estate broker to inspect the property and provide a current market analysis of the likely range of sale prices for the Real Estate.  Trustee determined that it was unlikely that the Real Estate would sell for an amount sufficient to provide a dividend to unsecured creditor after payment of liens, taxes, costs of sale and amounts due the co-owner, Ms. Ackley.

Ms Ackley persisted in her efforts to have the Real Estate listed for sale.  In order to test the market, Trustee authorized his broker to list the Real Estate for sale, with the original listing price set at $469,000.  The Real Estate was listed for sale from October, 2012 through February 5, 2013.  Although there were several showings of the property, no potential purchaser was willing to offer more than $400,000 for the property and Trustee determined it was not in the best interests of the estate to continue to market the

**Trustee's Final Report**                              **Leonard Urbanski, Debtor**
                                                        **Case No. 11-24487**

Real Estate.  Trustee filed a motion to abandon the Real Estate, which was approved
without opposition on February 5, 2013.

As a result of the additional costs to market and sell the Real Estate, the case is
now administratively insolvent and no dividend will be available for creditors.